## THE CITY OF SALEM.

### *(District Court, D. Oregon.　July 21, 1887.)*

1. MARITIME LIEN—STATE LAW—MONEY PAID ON ORDER OF OWNER.

   A bank with whom the owner of a steam-boat keeps an account, and which pays the checks of the latter drawn in favor of third persons in payment of materials furnished said boat, has no lien thereon, under the lien law of Oregon, for any balance due it on said account.

2. SAME—LIMITATION.

   Under the law of Oregon, a lien on a vessel is lost unless due proceedings are taken for its enforcement within a year from the time the right of action accrues on the debt; and such limitation will be recognized and enforced whenever such lien is asserted or set up in a court of admiralty.

*(Syllabus by the Court.)*

In Admiralty.

*William B. Gilbert* and *James F. Watson,* for libelants.

*John M. Bower,* for intervenor.

DEADY, J.　This suit is brought by the libelant, the Salem Steam-Boat Company, to procure a partition of the steam-boat City of Salem

between her owners, the libelant and John M. Bower, who, it is alleged, are unable to agree concerning the future management thereof. The suit was commenced on February 27, 1887; and it is alleged in the libel that the boat is enrolled at Portland, and was constructed in this district. On June 22d she was sold by order of the court, on the petition of sundry persons intervening, for their interests therein on account of labor done thereon and materials furnished thereto, for the sum of $2,850, which sum, less $366.47, the fees and expenses of the marshal, was paid into the registry of the court, subject to the claims of the parties concerned.

On June 28th, by order of the court, the sum of $885.76 was paid out of the proceeds in satisfaction of the claims of these intervenors, except that of the master of the boat, amounting to $293.39, which was paid on July 19th, leaving the sum of $1,597.77 in the registry of the court. The Oregon & Washington Mortgage Savings Bank, of Oregon, also intervening for its interest, on May 18th, states a demand against the owners of the boat of $2,703.72, which it claims was a lien thereon. The libel of intervention states that this demand is the balance of an account of $33,883.63, for money "paid to various persons" by said bank between September 6, 1882, and April, 1887, on "the order of the master and owners" of said boat, "for and on account" thereof, "for labor done, materials furnished by mechanics, tradesmen, and others, in repairing, fitting out, furnishing, and equipping said steam-boat, and on account of stores and supplies for the use of said boat, and is a debt contracted by the master and owner therefor."

The libelant, answering the libel of the bank, denies that the sum demanded is due thereto, or that it was a lien on said boat, and says that on or about May 15, 1885, an accounting was had between the bank and the owners of the boat for all advances made for or on account thereof, when it was found that a balance of $293.92 was due the former, which sum was, in September of the same year, paid in full to the bank, and that thereafter no advances were made on account of the boat by the bank, except what were fully repaid by the earnings and receipts of the former.

The case was argued and submitted on the pleadings; but, as the case made in the libel is fully met by the answer thereto, a decree dismissing the libel would ordinarily follow such submission. But the submission was made without reference to the answer, and on the tacit understanding that the right of the bank to payment out of the proceeds should depend on the answers to the two questions which were argued: (1) Does the lien law of Oregon include the case of money paid for the owners of a boat under the circumstances disclosed in the libel? and (2) has the lien of the bank, if any ever existed under such law, been lost by the lapse of time?

By the general maritime law, which gives a lien on a vessel for necessaries furnished to her in a foreign port, money is registered as material. Ben. Adm. § 268; *The Emily Souder*, 17 Wall. 666.

In this case the vessel was owned in New York, and, while on a voy-

age from that port to Rio Janeiro, she lost her screw, and was towed into the port of Maranhan, on the coast of Brazil. The master was without funds, and his owners without credit, in that port, to make repairs and procure supplies, or pay the expenses of towage, pilotage, custom-house dues, consular fees, and medical attendance on the seamen. Under these circumstances he borrowed of the libelants the necessary funds, and gave them 30-day drafts on his owners, which were protested for non-payment, whereupon they libeled the vessel for the amount. The court held that the money advanced to a vessel, under these circumstances, ranks with material for repairs and supplies, and the libelants were entitled to a lien on the vessel for the same.

Section 17 of the chapter relating to liens, (Or. Laws,) as amended in 1876, (Sess. Laws, 9,) provides, among other things, that any "boat or vessel used in navigating the waters of this state shall be liable and subject to a lien for all debts due to persons by virtue of a contract with the owner or agent thereof," "on account of labor done or materials furnished by mechanics, tradesmen, or others, in the building, repairing, fitting, and furnishing or equipping such boat or vessel, or on account of stores or supplies furnished for the use thereof;" and in section 33 of said chapter (Or. Laws, p. 658) it is provided that an action against a vessel under the provisions of this statute "shall be commenced within one year after the cause of action shall have accrued."

And, first, this statute gives a lien only to "mechanics, tradesmen, or *others*," for labor or materials. The phrase "or others" is a general one, immediately following the enumeration of particular cases,—"mechanics" and "tradesmen,"—and is therefore applicable only to other persons in the same category or calling. The statute ought not to be construed to include *every* person who furnishes material or performs labor on a vessel, because, if that was the intention of the legislature, it was very easy to have said so. The application of this rule may not be very material in this case, except as it tends to show that the legislature did not, in the enactment of this statute, contemplate the case of a banker furnishing money on account to the owner of a vessel, in the course of his business as such owner.

And admitting that this statute may be construed to include the case of a loan or advance of money to the owner or master of a boat by a tradesman or other person, even a banker, for the purpose of enabling such owner or master to purchase or employ necessary, specific material or labor, that is not this case. Taking the facts as they are stated in the libel, and resolving the obscurity in the statement against the bank, and it is manifest that the transaction out of which the demand arises is simply an account between the owners of the boat and the bank for money paid out by the latter on the order or check of the former, given in payment of services and supplies obtained from third persons. If the statute includes money as material in any case, it cannot be where it is loaned or obtained on an overdrawn account to pay for material already obtained, and it may be consumed or worn out. See 2 Pars. Shipp. & Adm. 148, note 4.

Neither can the bank have a lien for this demand unless it appears that it accrued within one year from the filing of its libel of intervention; for, although it may be inferred that some portion of this account was made within the year, it cannot be determined by the statement whether it is one dollar thereof or a thousand. Whenever a check or order of the owners was paid, under the statute giving a lien, such payment constituted a cause of action, and unless asserted or enforced in a legal proceeding within a year the lien is lost. In enforcing liens on vessels given by state statutes, courts of admiralty do so subject to every qualification and limitation attached to them by such statutes. *The Alida*, 1 Abb. Adm. **165.**

The first question is answered in the negative, and the second one in the affirmative. .The intervention of the bank is dismissed, and the libelant shall have its costs and disbursements.